# EXHIBIT B

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU COUNTY
-------------------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY,

          Plaintiff,

      -against-

KSENIA PAVLOVA, D.O.,

          Defendant.
-------------------------------------------------------------------------X

Index No.:

**VERIFIED
COMPLAINT**

Plaintiff, Allstate Insurance Company, (hereinafter referred to as "ALLSTATE" or "Allstate Insurance Company" or "Plaintiff"), by and through its attorneys, Abrams Cohen & Associates, as and for their Verified Complaint against Defendant in this action, KSENIA PAVLOVA, D.O., (hereinafter referred to as "PAVLOVA" or "Defendant"), to obtain a judgment declaring the rights and legal obligations of the parties to this action, hereby alleges as follows:

## INTRODUCTION

1. This action seeks a Declaratory Judgment pursuant to CPLR § 3001 stating that ALLSTATE has no legal obligation to pay numerous pending No-Fault claims submitted by the Defendant, PAVLOVA, based on PAVLOVA'S breach of a condition precedent to coverage. Such declaratory relief shall be predicated upon proof made by ALLSTATE that PAVLOVA failed to appear for duly scheduled examinations under oath (hereinafter referred to as "EUOs") in connection with the claims identified in Exhibit "A" (the "Subject Claims") annexed hereto. The approximate total amount in dispute in reference to the underlying claims for No-Fault benefits identified in Exhibit "A" exceeds $50,000. These purported claims are for medical services that allegedly were rendered to individuals who were involved in automobile accidents

and insured by ALLSTATE. As the Defendant's failure to appear constituted a breach of a condition precedent to coverage under the applicable policies of insurance and the implementing No-Fault regulations, the Defendant is not entitled to collect No-Fault benefits with respect to the underlying claims.

2. Defendant PAVLOVA purportedly provided healthcare services to individuals who assigned their rights for reimbursement to her. PAVLOVA seeks payment under the applicable policies of insurance despite the fact that she did not comply with a condition precedent required for coverage, thereby preventing ALLSTATE from making a determination as to whether she was entitled to receive payment.

3. Under the Comprehensive Motor Vehicle Insurance Reparations Act (popularly known as the "No-Fault Law") of New York State, INS. LAW §§ 5101, *et seq.*, ALLSTATE is required to pay first party benefits for, *inter alia*, necessary health service expenses that are incurred as a result of injuries suffered by vehicle occupants and pedestrians ("Covered Persons") arising from the use or operation of its insured motor vehicles. Patients can also assign those benefits to doctors and other licensed health care providers, enabling them to bill insurance companies directly for their services.

4. Upon information and belief, Defendant PAVLOVA is an individual residing in New York and is a physician who has been licensed to practice medicine in New York since 2013. She bills for services including trigger point injections/dry needling, somatosensory evoked potential ("SSEP") tests, electromyography ("EMG") and nerve conduction velocity ("NVC") tests for individuals covered under the No-Fault Law. In exchange for her services, Defendant accepts assignments of benefits from No-Fault patients and submits claims for payment to No-Fault insurance carriers in general, and to the Plaintiff in particular. PAVLOVA

submitted claims to ALLSTATE for reimbursement under the No-Fault Law as an assignee of each of the claimants listed in Exhibit "A," annexed hereto.

5. After receiving PAVLOVA'S claims, ALLSTATE made timely requests for additional verification, including EUOs, pursuant to 11 NYCRR §65-3.5.

6. NYCRR Section §65-1.1 requires claimants to fully comply with the terms of coverage, including attendance at an examination "under oath by any person named by the Company." This prescribed No-Fault Mandatory Personal Injury Protection Endorsement establishes a condition precedent to coverage. The No-Fault regulation provisions concerning EUOs are deemed to be a part of each of the subject policies. See Eagle Chiropractic, P.C. v. Chubb Indemnification Insurance Company, 19 Misc.3d 129(A), 859 N.Y.S. 2d 902 (App. Term, 2nd Dep. 2008).

7. ALLSTATE had a reasonable basis for requesting the EUO of PAVLOVA. There were serious issues with respect to claims made by PAVLOVA including, but not limited to, ownership and control of the medical practice, employee status, the medical necessity of the services purportedly rendered and the fee scheduling for those services. Moreover, PAVLOVA is linked to a location at 1786 Flatbush Avenue, New York, where providers allegedly are involved in unlawful ownership of professional corporations and routinely engage in operations that commit fraudulent schemes against New York automobile insurers. See Government Employees Insurance Company et al. v. Francois Jules Parisien, MD, et al. 1:16-cv-00818 (EDNY), where PAVLOVA is named as a defendant. The allegations include that the defendants were involved in a scheme to commit medical fraud, which involved kickbacks and billing for services that were not medically necessary or were not provided. In addition to PAVLOVA, among the defendants was Noel E. Blackman, M.D., who was arrested in February 2016 for conspiracy to

distribute oxycodone as he attempted to flee the country in possession of $30,000.00 in undeclared currency that was stashed in his luggage.

8. ALLSTATE properly and timely noticed PAVLOVA for an EUO in relation to each of the claims listed in Exhibit "A" (the "Subject Claims") on at least two separate occasions in order to verify the bills submitted to ALLSTATE. Exhibit "A" identifies the dates that each EUO notice was mailed to PAVLOVA.

9. PAVLOVA did not appear for her EUO on at least two scheduled dates for each of the Subject Claims. Exhibit "A" identifies each of these scheduled EUO dates.

10. PAVLOVA'S failure to appear for the duly noticed EUOs is a violation of a condition precedent to coverage and makes her ineligible to recover No-Fault benefits for the Subject Claims.

11. ALLSTATE seeks declaratory judgment against PAVLOVA that she is ineligible to receive No-Fault benefits for the Subject Claims based upon her failure to comply with a condition precedent to coverage.

**THE PARTIES**

12. The Plaintiff, ALLSTATE INSURANCE COMPANY, and any and all of its subsidiaries and affiliates, is a foreign corporation authorized to engage in and conduct business in New York State. At all times hereinafter mentioned, the Plaintiff, ALLSTATE INSURANCE COMPANY, conducted business in Nassau County.

13. KSENIA PAVLOVA, D.O., is a healthcare provider who was first licensed to practice as an osteopathic physician in New York on May 7, 2013. In the past, PAVLOVA principally provided medical services at a location on 1786 Flatbush Avenue., Brooklyn, New York 11210.

14. Venue is appropriate in Nassau County pursuant to Section 503(a) and (c) of the New York Civil Practice Law and Rules as at least one of the parties has an office or does business in said county.

## NEW YORK MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT

15. As discussed above, PAVLOVA has sought to obtain benefits for services that she purportedly provided to assignors under the applicable policies of insurance and endorsements for differing types of coverage. The implementing regulations promulgated by the Superintendent of the New York State Department of Financial Services specifically provide that an insurance carrier may request any additional verification that it will require for an applicant to establish proof of claim, including, but not limited to, seeking additional verification in the form of an EUO. See 11 NYCRRR § 65-3.5

16. The mandatory No-Fault insurance policy endorsement prescribed by the New York State Department of Financial Services requires that, as part of establishing proof of claim, the eligible injured person or that person's assignee or representative must, if requested, submit to an EUO by any person named by the insurance carrier. See 11 NYCRR § 65-1.1 The following are the applicable insurance policy provisions:

**Section I, Conditions**

**Action Against Company.** No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with the terms of this coverage.

\*       \*       \*

**Notice.** In the event of an accident, written notice setting forth details sufficient to identify the eligible injured person, along with reasonably obtainable information regarding the time, place and circumstances of the accident, shall be given by, or on behalf of, each eligible injured person, to the Company, or any of the Company's authorized agents, as soon as reasonably practicable, but in no event more than 30 days

after the date of the accident, unless the eligible injured person submits written proof providing clear and reasonable justification for the failure to comply with such time limitation. If an eligible injured person or that person's legal representative institutes a proceeding to recover damages for personal injury under section 5104(b) of the New York Insurance Law, a copy of the summons and complaint or other process served in connection with such action shall be forwarded as soon as practicable to the Company or any of the Company's authorized agents by such eligible injured person or that person's legal representative.

*     *     *

**Proof of Claim; Medical, Work Loss, and Other Necessary Expenses.**

In the case of a claim for health service expenses, the eligible injured person or that person's assignee or representative shall submit written proof of claim to the Company, including full particulars of the nature and extent of the injuries and treatment received and contemplated, as soon as reasonably practicable but, in no event later than 45 days after the date services are rendered. The eligible injured person or that person's representative shall submit written proof of claim for work loss benefits and for other necessary expenses to the Company as soon as reasonably practicable but, in no event, later than 90 days after the work loss is incurred or the other necessary services are rendered. The foregoing time limitations for the submission of proof of claim shall apply unless the eligible injured person or that person's representative submits written proof providing clear and reasonable justification for the failure to comply with such time limitation. Upon request by the Company, the eligible injured person or that person's assignee or representative shall:

**(a)**     execute a written proof of claim under oath;

**(b)**     as may reasonably be required submit to examinations under oath by any person named by the Company and subscribe the same;

**(c)**     provide authorization that will enable the Company to obtain medical records; and

**(d)**     provide any other pertinent information that may assist the Company in determining the amount due and payable.

The eligible injured person shall submit to medical examination by physicians selected by, or acceptable to, the Company, when, and as often as, the Company may reasonably require.

17. As indicated in the No-Fault implementing regulations and the insurance policy provisions cited in the paragraphs above, the failure of a medical provider and/or claimant to appear for an insurer's request for an EUO is a breach of a condition precedent to coverage under

the No-Fault policy. In <u>Unitrin Advantage Ins. Co. v. Bayshore Physical Therapy, PLLC.</u>, 92 N.Y.S.2d 473 (1st Dept. 2011), the Appellate Division of the First Department reasoned that a breach of a condition precedent to coverage under the No-Fault policy is an exception to the preclusion doctrine as set forth in <u>Central Gen. Hosp. v. Chubb Group of Ins. Cos.</u>, 90 NY2d 195 (1997) and, as such, the insurer has the right to deny all claims retroactively to the date of loss, regardless of whether denials were timely issued.

### DEFENDANT'S FRADULENT BILLING PROTOCOL

18. The Defendant has engaged in a systematic scheme to defraud ALLSTATE by submitting bills under the New York No-Fault system for medical services that lack medical necessity.

19. PAVLOVA billed Allstate for medical services including trigger point injections under CPT Code 20553 and needling under general surgery CPT Code 20999, a surgical By Report ("BR") code. BR codes are designated as such because the service is too unusual or variable to be assigned a relative value. Since the Fee Schedule does not assign a specific value for such services, the "BR" relative value unit charged by the medical provider must be consistent with other relative value units in the Fee Schedule. Pavlova charged $325.00 for each group of four muscles injected under CPT Code 20999. Often Pavlova billed ALLSTATE for injecting 16 or more muscles per session (totaling $1,300 or more) per date of service. By comparison, trigger point injections, which are the closest similar procedures, can only be billed at $119.10 for three or more muscles injected per date of service.

20. A trigger point injection involves the insertion of a needle into a patient's trigger point, and the needle usually contains a local anesthetic. The clinical requirements for trigger point injections include a history of <u>chronic pain of at least three months' duration</u> along with

documentation of focal hyperirritable spots located in taut bands of skeletal muscle, and pain locally and in a referred pattern. According to the New York State Workers' Compensation Board Neck Injury Medical Treatment Guidelines and Mid and Low Back Injury Medical Treatment Guidelines, trigger point injections are not to be used for treating acute pain but for only subacute or chronic pain, are to be used only after failure of six weeks of other, conservative interventions, are to be performed not less three to four weeks between injections and are to be repeated once, with a maximum duration of eight weeks.

21. By contrast, dry needling does not involve an injection and is similar to insertion of an acupuncture needle.

22. PAVLOVA often bills for "trigger point injections" provided very early on in the respective patients' treatment without giving more conservative therapy an opportunity to effectively treat the patients. At the time of the initial evaluation when multiple trigger point injections were supposedly administered by the Defendant, few of the patients were in a "chronic" stage of pain, even if a broad definition of only three months is utilized to define chronic pain. On many occasions, the injections are allegedly performed only a few days after a patient's accident.

23. These procedures were performed pursuant to PAVLOVA's boilerplate treatment protocol in order to generate maximum billing for the Defendant.

**FACTUAL ALLEGATIONS**

24. Upon information and belief, each of the claimants identified in Exhibit "A" purportedly received medical services from Defendant PAVLOVA.

25. PAVLOVA accepted assignments of benefits from each of the claimants identified in Exhibit "A" for medical services she purportedly provided to each of these

claimants.

26. PAVLOVA submitted claims to ALLSTATE for payment for medical services under the No-Fault Law as an assignee of each of the claimants identified in Exhibit "A."

27. ALLSTATE had a reasonable basis for requesting the EUO of PAVLOVA in connection with the verification of each of the claims listed in Exhibit "A."

28. ALLSTATE properly and timely notified PAVLOVA of each scheduled EUO in order to verify the claims that PAVLOVA submitted to ALLSTATE and that are listed in Exhibit "A."

29. On the dates set forth in Exhibit "A," ALLSTATE, through its counsel, mailed notices to PAVLOVA scheduling EUOs in connection with each of the claims listed in Exhibit "A."

30. On the dates set forth in Exhibit "A," PAVLOVA failed to appear for her scheduled EUO in connection with each of the listed claims.

31. Following PAVLOVA'S failure to appear on the first scheduled dates set forth in Exhibit "A," ALLSTATE'S counsel mailed a second EUO notice to PAVLOVA requesting that she appear on a new date for an EUO in connection with each of the listed claims in order to verify the bills submitted to the Plaintiff.

32. PAVLOVA again failed to appear for her EUO on the second scheduled dates listed in Exhibit "A," thereby breaching a condition precedent to coverage.

33. Due to her failure to appear for each of the noticed EUOs, PAVLOVA failed to provide additional verification for the claims listed in Exhibit "A" as required under the applicable policies of insurance and the No-Fault regulations. In many instances, additional EUO notices were mailed to PAVLOVA and PAVLOVA also failed to appear for each of these

subsequent EUOs.

34. PAVLOVA is not entitled to reimbursement of No-Fault benefits with regard to the claims listed in Exhibit "A" because she failed to appear for duly noticed EUOs and breached a condition precedent to coverage under the applicable policies of insurance and the No-Fault Law and its implementing regulations.

**TEMPORARY RESTRAINING ORDER AND INJUNCTION STAYING CLAIMS, LITIGATION AND ARBITRATION CASES FOR REIMBURSEMENT**

35. Pursuant to CPLR §§ 2201 and 6301, in the interest of judicial economy and fairness to the parties, this Honorable Court should stay all litigation and arbitration actions filed by PAVLOVA and all adjudication and enforcement actions and proceedings in relation thereto based on claims where the Defendant failed to appear for scheduled EUOs as reflected in Exhibit "A," pending a hearing and determination of the Plaintiff's action for a declaratory judgment pursuant to CPLR § 3001.

36. A party seeking a preliminary injunction has the burden of demonstrating, by clear and convincing evidence: (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is withheld, and (3) a balancing of the equities in favor of the movant. Perpignan v. Persaud, 91 A.D.3d 622, 936 N.Y.S.2d 261 (2d Dept. 2012).

37. In the instant action, it is likely that ALLSTATE will succeed on the merits and that irreparable injury will occur if a temporary restraining order is not granted.

38. The factors outlined above provide good cause to believe that PAVLOVA is not eligible for reimbursement of the assigned first-party No-Fault benefits. In order to verify the claims and determine the propriety and necessity thereof, ALLSTATE required PAVLOVA to appear for an EUO. See 11 NYCRR § 65-1.1, Conditions (b).

39. PAVLOVA did not appear for EUOs on at least two scheduled dates with respect

to each of the claims that are enumerated in Exhibit "A." The Defendant's failure to appear for the duly noticed EUOs is a violation of a condition precedent to coverage, thus rendering the Defendant ineligible to recover No-Fault benefits for the No-Fault claims enumerated in Exhibit "A."

40. The principal of not burdening parties with the prosecution and defense of suits having common issues of law and fact is an established principal of law. ALLSTATE's rights will be harmed without the issuance of a temporary stay pending resolution of the lawsuit because it will suffer significant injury including, but not limited to, unnecessary loss of time, resources and funds, if forced to separately litigate pending and future lawsuits and arbitration claims for No-Fault benefits that were filed by PAVLOVA as listed in Exhibit "A."

41. The financial burden of defending suits and arbitrations while this matter is pending will result in fees and costs that likely are unrecoverable. The resulting harm goes far beyond financial detriment. The time and resources spent by the Plaintiff to review suits, execute defense action plans and coordinate with defense counsel can never be recovered. Furthermore, the failure to enjoin existing and future actions will result in multiple motions to reargue, and possibly appeals, after the resolution of the instant action, regardless of the disposition. Accordingly, the Plaintiff will suffer irreparable injury if the stay requested is not granted and a balancing of equities clearly favors a stay of the No Fault claims, arbitration and litigation cases filed by the Defendant as enumerated in Exhibit "A." See <u>St. Paul Travelers Ins. Co. v. Nandi</u>, 15 Misc.3d 1145[A], 2007 NY Slip Op 51154[U][Sup. Ct., Queens County].

**<u>AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION
FOR DECLARATORY RELIEF</u>**

42. The allegations of Paragraphs 1 through 41 are hereby repeated and realleged as though fully set forth herein.

43. PAVLOVA submitted bills for medical services for treatment of injuries allegedly sustained in motor vehicle accidents that occurred during the use and operation of vehicles insured by ALLSTATE.

44. ALLSTATE properly and timely notified PAVLOVA of EUOs scheduled on at least two separate dates for each of the claims listed in Exhibit "A."

45. PAVLOVA failed to appear for each of the scheduled EUOs.

46. Defendant's failure to appear for each of the scheduled EUOs is a breach of a condition precedent for coverage pursuant to the regulations promulgated by the Superintendent of Financial Services and which is included as a mandatory endorsement in the relevant policies of insurance.

47. PAVLOVA is not entitled to recover benefits for medical services assigned to it by the claimants listed in "Exhibit "A" because PAVLOVA has failed to provide additional verification in the form of an EUO and has violated a condition precedent for coverage for each of these claims.

48. PAVLOVA also is not entitled to recover benefits for medical services assigned to it by claimants listed in Exhibit "A" because Pavlova knew that the representations and/or omissions PAVLOVA made in the Profs of Claim were deceptive and that they would be relied upon by ALLSTATE. Such representations included that all of the medical services billed were medically necessary and that the services billed consisted of the required components as provided in the Fee Schedule and were billed at the proper rate.

49. PAVLOVA continues to submit assigned No-Fault claims to ALLSTATE.

50. A justiciable controversy exists between ALLSTATE and the Defendant since PAVLOVA challenges ALLSTATE'S ability to deny such claims.

51. ALLSTATE has no adequate remedy at law.

52. Accordingly, ALLSTATE requests a declaration by this Court that the Defendant has violated a condition precedent for coverage for each of the claims listed in Exhibit "A" and that ALLSTATE has no obligation to pay these claims submitted by PAVLOVA.

53. All known parties who may have any interest in the issues that are the subject of the above-entitled action are parties hereto, and the declaration of this Court with respect to said issues will be beneficial to all parties herein.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION
### FOR STAY OF PROCEEDINGS

**(Temporary Restraining Order / Preliminary Injunction / Stay)**

54. The allegations of Paragraphs 1 through 53 are hereby repeated and realleged as though fully set forth herein.

55. Claims for No-Fault benefits were submitted by Defendant PAVLOVA to ALLSTATE for reimbursement under the No-Fault Law. Upon the receipt of these claims, ALLSTATE made timely requests for additional verification, including EUOs of PAVLOVA, pursuant to 11 NYCRR § 65-3.5.

56. PAVLOVA failed to appear for EUOs on at least two scheduled dates with respect to each of the claims that are enumerated in Exhibit "A." The Defendant's failure to appear for the duly noticed EUOs is a violation of a condition precedent to coverage, thus rendering her ineligible to recover No-Fault benefits for the No-Fault claims enumerated in Exhibit "A".

57. ALLSTATE will suffer irreparable injury if the temporary restraining order and stay requested are not granted, and a balancing of equities clearly favors a stay of the No Fault claims and the arbitration and litigation cases filed by the Defendant as enumerated in Exhibit

"A." If a stay of these proceedings is not issued, and the Plaintiff is forced to continue to separately defend each of these litigation and arbitration claims for No-Fault benefits allegedly received from the Defendant, the Plaintiff will suffer irreparable injury including, but not limited to, unnecessary loss of time, resources, funds, fees and costs that are unrecoverable.

58. A stay of proceedings in this matter would promote judicial economy.

59. A justiciable controversy exists between ALLSTATE and the Defendant since the Defendant challenges ALLSTATE 'S ability to deny claims for these medical services.

60. ALLSTATE has no adequate remedy at law.

61. Accordingly, in the interest of judicial economy and fairness to the parties, ALLSTATE requests a temporary restraining order and stay of all pending and future litigation and arbitration claims for No-Fault benefits that were filed, or will be filed by the Defendant, for claims listed in Exhibit "A," and all adjudication and enforcement actions and proceedings in relation thereto, pending a hearing and determination of the Plaintiff's action for a declaratory judgment pursuant to CPLR §3001.

**WHEREFORE**,

Plaintiff seeks a Judgment declaring that:

(a) PAVLOVA'S failure to comply with ALLSTATE's request for additional verification, in the form of an EUO, is a breach of a condition precedent to coverage;

(b) PAVLOVA is not entitled to seek reimbursement for the Subject Claims reflected in Exhibit "A" annexed hereto because she failed to comply with ALLSTATE's request for additional verification in the form of an EUO and has breached a condition precedent to coverage;

(c)  ALLSTATE is not required to pay or reimburse first-party No-Fault benefits to PAVLOVA for medical services purportedly provided to each of the claimants listed in Exhibit "A," and

(d)  All No-Fault lawsuits and arbitrations brought by the Defendant relating to the claims listed in Exhibit "A" are temporarily stayed pending the outcome of this action.

ALLSTATE, the Plaintiff herein, requests such other and further relief as the Court may deem just and proper, together with judgment for attorneys' fees, costs and disbursements in this action.

Dated: New York, New York
       September 26, 2017

ABRAMS, COHEN & ASSOCIATES

By: *Frank Piccininni*
    Frank Piccininni, Esq.
    Ellen B. Zion, Esq.
    *Attorneys for Plaintiff*
    5 Hanover Square, Suite 1601
    New York, New York 10004
    (646) 449-7490
    (888) 859-4956 (Facsimile)
    Our File No.: D-016

## VERIFICATION

**FRANK PICCININNI, ESQ.**, an attorney admitted to practice in the Courts of the State of New York, affirms the truth of the following subject to the penalties of perjury:

I am a member of the firm of Abrams, Cohen & Associates, attorneys for the Plaintiff in the within entitled action.

I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

The sources of my information are the investigation and records in the file.

The reason why the verification is made by me and not by the Plaintiff is that the Plaintiff is a foreign corporation.

Dated: New York, New York
September 26, 2017

ABRAMS, COHEN & ASSOCIATES

By: _____
Frank Piccininni, Esq.
*Attorneys for Plaintiff*
5 Hanover Square, Suite 1601
New York, New York 10004
(646) 449-7490
(888) 859-4956 (facsimile)
Our File No.: D-016

Exhibit A

| EIP | Claim No. | Our File No. | Date of Loss | 1st Demand | EUO Date | 2nd Demand | EUO Date | 3rd Demand | EUO Date | 4th Demand | EUO Date | 5th Demand | EUO Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Kyora McArthur | 0309584018 | PALL9-001 | 11/29/13 | 2/17/14 | 2/28/14 | 4/14/14 | 4/28/14 | 6/13/14 | 7/3/14 | | | | |
| Katerin Soto | 0300460441 | PALL9-002 | 9/11/13 | 2/17/14 | 2/28/14 | 4/14/14 | 4/28/14 | 6/13/14 | 7/3/14 | | | | |
| Noel Nieves Jr. | 0302571708 | PALL9-003 | 10/11/13 | 2/17/14 | 2/28/14 | 4/14/14 | 4/28/14 | 6/13/14 | 7/3/14 | | | | |
| Justin C. Manswell | 0310861737 | PALL9-004 | 12/17/13 | 4/14/14 | 4/28/14 | 6/13/14 | 7/3/14 | | | | | | |
| Molly A Johnson Schulters | 0302107560 | PALL9-005 | 10/5/13 | 4/14/14 | 4/28/14 | 6/13/14 | 7/3/14 | | | | | | |
| Barrington Strickland | 0302803937 | PALL9-006 | 10/11/13 | 4/14/14 | 4/28/14 | 6/13/14 | 7/3/14 | | | | | | |
| Alexandra Spears | 0286190004 | PALL9-007 | 5/11/13 | 4/14/14 | 4/28/14 | 6/13/14 | 7/3/14 | | | | | | |
| Xavier Edwin | 0304262934 | PALL9-008 | 10/6/13 | 4/14/14 | 4/28/14 | 6/13/14 | 7/3/14 | | | | | | |
| Luis Garcia | 0299585850 | PALL9-009 | 8/22/13 | 4/14/14 | 4/28/14 | 6/13/14 | 7/3/14 | | | | | | |
| Nancy Polidor | 0298350612 | PALL9-010 | 8/31/13 | 4/14/14 | 4/28/14 | 6/13/14 | 7/3/14 | | | | | | |
| Despina Michaelopoulos | 0303041388 | PALL9-011 | 10/15/13 | 4/14/14 | 4/28/14 | 6/13/14 | 7/3/14 | | | | | | |
| Patricia Tate | 0318434412 | PALL9-012 | 2/6/14 | 6/13/14 | 7/3/14 | 7/7/14 | 7/18/14 | | | | | | |
| Steven Thomas | 0306824244 | PALL9-013 | 11/9/13 | 6/13/14 | 7/3/14 | 7/7/14 | 7/18/14 | | | | | | |
| Semyon Neut | 0319061727 | PALL9-014 | 3/9/14 | 6/30/14 | 7/11/14 | 7/15/14 | 7/25/14 | | | | | | |
| Beverly Casey | 0316749738 | PALL9-015 | 2/18/14 | 6/30/14 | 7/11/14 | 7/15/14 | 7/25/14 | | | | | | |
| Carlos Guity | 0324749084 | PALL9-016 | 4/26/14 | 6/30/14 | 7/11/14 | 7/15/14 | 7/25/14 | | | | | | |
| Levent Emek | 0325275196 | PALL9-017 | 5/5/14 | 6/30/14 | 7/11/14 | 7/15/14 | 7/25/14 | | | | | | |
| Lennohn Charles | 0324606623 | PALL9-018 | 4/18/14 | 7/7/14 | 7/18/14 | 7/31/14 | 8/11/14 | | | | | | |
| Gregory M. Mcintosh | 0320476492 | PALL9-019 | 3/24/14 | 7/7/14 | 7/18/14 | 7/31/14 | 8/11/14 | | | | | | |
| Lansley Gordon | 0326267416 | PALL9-020 | 5/12/14 | 7/7/14 | 7/18/14 | 7/31/14 | 8/11/14 | | | | | | |
| Kenwyn Edey | 0314369836 | PALL9-021 | 1/29/14 | 7/15/14 | 7/25/14 | 7/31/14 | 8/11/14 | | | | | | |
| May C. Edey | 0314369836 | PALL9-022 | 1/29/14 | 7/15/14 | 7/25/14 | 7/31/14 | 8/11/14 | | | | | | |
| Antonia Gittens | 0323613521 | PALL9-023 | 4/14/14 | 7/15/14 | 7/25/14 | 7/31/14 | 8/11/14 | | | | | | |
| Jimmy Jeudy | 0366436616 | PALL9-024 | 4/24/15 | 8/7/15 | 8/24/15 | 8/31/15 | 9/14/15 | 9/18/15 | 10/2/15 | 10/8/15 | 10/23/15 | | |
| Krystal Burgos | 0370811663 | PALL9-025 | 5/8/15 | 8/14/15 | 8/24/15 | 8/27/45 | 9/14/15 | 9/18/15 | 10/2/15 | 10/8/15 | 10/23/15 | | |
| Christian Lajeunesse | 0358475275 | PALL9-026 | 2/17/15 | 8/14/15 | 8/24/15 | 8/27/45 | 9/14/15 | 9/18/15 | 10/2/15 | 10/8/15 | 10/23/15 | | |
| Pierre Louis Nickenson | 0369158142 | PALL9-027 | 5/16/15 | 8/14/15 | 8/24/15 | 8/27/45 | 9/14/15 | 9/18/15 | 10/2/15 | 10/8/15 | 10/23/15 | | |

Exhibit A

| EIP | Claim No. | Our File No. | Date of Loss | 1st Demand | EUO Date | 2nd Demand | EUO Date | 3rd Demand | EUO Date | 4th Demand | EUO Date | 5th Demand | EUO Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Myrtha Reme | 0375170644 | PALL9-028 | 6/13/15 | 8/31/15 | 9/14/15 | 9/18/15 | 10/2/15 | 10/8/15 | 10/23/15 | | | | |
| Paulette Gustave | 0374124246 | PALL9-029 | 5/21/15 | 8/31/15 | 9/14/15 | 9/18/15 | 10/2/15 | 10/8/15 | 10/23/15 | | | | |
| Farah Nicolas | 0375170644 | PALL9-030 | 6/13/15 | 9/4/15 | 9/14/15 | 9/18/15 | 10/2/15 | 10/8/15 | 10/23/15 | | | | |
| Luis Colon | 0377476239 | PALL9-031 | 7/20/15 | 9/17/15 | 10/2/15 | 10/8/15 | 10/23/15 | | | | | | |
| Lourdy Augustin | 0375170644 | PALL9-032 | 6/13/15 | 9/17/15 | 10/2/15 | 10/8/15 | 10/23/15 | | | | | | |
| Rona S Cupid Greaves | 0376459327 | PALL9-033 | 7/14/15 | 9/17/15 | 10/2/15 | 10/8/15 | 10/23/15 | | | | | | |
| Bruce Sainte | 0374512275 | PALL9-034 | 6/25/15 | 9/17/15 | 10/2/15 | 10/8/15 | 10/23/15 | | | | | | |
| Zasirah Shabazz | 0374512275 | PALL9-035 | 6/25/15 | 9/17/15 | 10/2/15 | 10/8/15 | 10/23/15 | | | | | | |
| Edner Fleurima | 0374553048 | PALL9-036 | 6/28/15 | 9/17/15 | 10/2/15 | 10/8/15 | 10/23/15 | | | | | | |
| Clifford Donald | 0380809228 | PALL9-037 | 8/14/15 | 10/8/15 | 10/23/15 | 10/16/15 | 10/23/15 | 11/2/15 | 11/12/15 | 11/24/15 | 12/7/15 | 12/15/15 | 1/28/16 |
| Tara Thomas | 0380809228 | PALL9-038 | 8/14/15 | 10/8/15 | 10/23/15 | 10/16/15 | 10/23/15 | 11/2/15 | 11/12/15 | 11/24/15 | 12/7/15 | 12/15/15 | 1/28/16 |
| Craig Alexander | 0380809228 | PALL9-039 | 8/14/15 | 10/8/15 | 10/23/15 | 10/16/15 | 10/23/15 | 11/2/15 | 11/12/15 | 11/24/15 | 12/7/15 | 12/15/15 | 1/28/16 |
| Bernetta Green | 0380809228 | PALL9-040 | 8/14/15 | 10/8/15 | 10/23/15 | 10/16/15 | 10/23/15 | 11/2/15 | 11/12/15 | 11/24/15 | 12/7/15 | 12/15/15 | 1/28/16 |
| Steven Freed | 0380106203 | PALL9-041 | 8/1/15 | 11/10/15 | 11/20/15 | 11/24/15 | 12/7/15 | 12/15/15 | 1/28/16 | | | | |
| Patrick David | 0385976824 | PALL9-042 | 9/21/15 | 11/17/15 | 12/2/15 | 12/15/15 | 1/28/16 | | | | | | |
| Tamara Noel | 0385976824 | PALL9-044 | 9/21/15 | 11/24/15 | 12/7/15 | 12/15/15 | 1/28/16 | | | | | | |
| Deliverance Simon | 0431774421 | PALL9-045 | 9/20/16 | 11/22/16 | 12/15/16 | 12/15/16 | 2/9/17 | 3/1/17 | 4/14/17 | 4/18/17 | 5/18/17 | | |
| Marie Jean Francois | 0431774421 | PALL9-046 | 9/20/16 | 11/22/16 | 12/15/16 | 12/15/16 | 2/9/17 | 3/1/17 | 4/14/17 | 4/18/17 | 5/18/17 | | |
| Paulide Camille | 0431774421 | PALL9-047 | 9/20/16 | 11/22/16 | 12/15/16 | 12/15/16 | 2/9/17 | 3/1/17 | 4/14/17 | 4/18/17 | 5/18/17 | | |
| Marie Theodore | 0431774421 | PALL9-048 | 9/20/16 | 11/30/16 | 12/15/16 | 12/15/16 | 2/9/17 | 3/1/17 | 4/14/17 | 4/18/17 | 5/18/17 | | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU COUNTY
------------------------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY,

                                                 Index No.:

               Plaintiff,

              -against-

KSENIA PAVLOVA, D.O.,

               Defendant.
------------------------------------------------------------------------------X

PURSUANT TO SEC. 130-1 OF THE RULES OF THE CHIEF ADMINISTRATOR (22 NYCRR) CERTIFY THAT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES, THE WITHIN **SUMMONS and VERIFIED COMPLAINT** ARE NOT FRIVOLOUS. NOTICE PURSUANT TO CPLR 2103(5) DECLINING SERVICE BY ELECTRONIC TRANSMITTAL

ABRAMS COHEN & ASSOCIATES
*Attorney(s) for Plaintiff*

*Office and Post Office Address, Telephone*
5 Hanover Square, Suite 1601
New York, NY 10004
(646) 449-7490
Our File No: D-016