**THE ZUPPA FIRM PLLC**
**9 Reed Street**
**Hauppauge, New York 11788**
**(646) 750-2972**

February 29, 2024

Magistrate Judge Sanket J. Bulsara
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    <u>Allstate Ins. Co. et al. v. Tatiana M. Rybak, et al.</u> Case No. 22-cv-4441 (SJB)

Dear Judge Bulsara:

This motion is made pursuant to *FRCP 45(d)(3)(A)(iii)(iv)* to quash a subpoena demanding over thirteen years of all bank account and related records of non-party Top Rehab, Inc. ("Top Rehab") directed to non-party Bank of America. (**Exhibit 1**) The bank informed Top Rehab that it must present an Order quashing the subpoena by Thursday February 29, 2024, or they will process the subpoena. I have informed the bank that I am filing this motion. I have complied with *Local Civil Rule 26.4*; *Federal Rule 37(a)(1)* and this Court's *Rule IV B*. (*See infra*)

The Complaint in this action names some twenty-seven Defendants – give or take – and some forty "John Doe" and "ABC Corporations" combined – twenty each. This document spans some 220 pages of allegations dispersed over 887 paragraphs not including the "Wherefore" clause. This expansive document is further larded with a 184 page "Appendix" as well as a 449 page "Compendium of Exhibits." It is a monstrosity that defies all efforts to summarize other than to say it is yet again another Eastern District insurance company breach of contract action disguised as a RICO.[1] It contains lurid pleadings taken from tabloids published decades ago and so on. If these pleadings were a firearm they would be a blunderbuss. Judge Pauley of the Southern District could have been describing this complaint when he vehemently wrote:

> The "short and plain" statement requirement of Rule 8 serves many salutary purposes. It focuses litigants and judges on the real issues in dispute. It also aids the public in understanding the judicial process. Disregarding it only spawns mischief.
>
> Voluminous pleading is self-defeating. It chokes the docket and obscures otherwise meritorious claims and defenses. It can also unnecessarily highlight fatal weaknesses in a party's case. "[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." *Wireless Ink Corp. v. Facebook, Inc.,* 787 F.Supp.2d 298, 307 (S.D.N.Y.2011) (quoting *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir.1995) (Posner, J.)). Lawyers should think twice about the burden they impose on judges to wade through surfeit pleadings, let alone "labyrinthian

---

[1] We can only hope that someday Congress will restrain this runaway train that has become RICO but given that wealthy interests have removed the brakes and tracks that seems doubtful.

> prolixity of unrelated and vituperative charges that def[y] comprehension." *Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir.1972); *see also Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) ( "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.' "). They should also think about their clients who presumably come to court "to secure the just, speedy, and inexpensive determination" of their claims. Fed.R.Civ.P. 1.
>
> There is ample authority empowering a court to dismiss pleadings for failure to comply with Rule 8. *See Wynder v. McMahon,* 360 F.3d 73, 77 (2d Cir.2004) ("Rule 41(b) clearly authorizes dismissal where plaintiffs have 'fail [ed] ... to comply with these rules [i.e. the Federal Rules of Civil Procedure],' including, of course, Rule 8."); *Salahuddin,* 861 F.2d at 42 ("When a complaint does not comply with the requirement that it be short and plain, the court has the power ... to dismiss the complaint.") …
>
> Recently, Senior Judge Glasser lamented about needlessly long pleadings and offered a solution that was undoubtedly effective in its time but would not likely be countenanced today. Quoting Lord Buckmaster, formerly Lord Chancellor of England, Senior Judge Glasser related that
>
>> in the reign of the Stuarts there was one counsel who had offended the court by preparing a needlessly long and prolix pleading on parchment. He was ordered to have his pleadings taken, a large hole to be cut in the middle, he was to have his head pushed through it, and he was to attend the first day of the term of every court with his head through the pleadings.
>
> *Brooklyn Downtown Hotel LLC v. New York Hotel & Motel Trades Council, AFL–CIO,* No. 14–cv–6067 (ILG), 2015 WL 779441, at *3 (E.D.N.Y. Feb. 25, 2015) (quoting Lord Buckmaster, *The Romance of the Law,* 11 A.B.A. J. 579, 581 (Sept.1925)).

*UPS Store, Inc. v. Hagan*, 99 F.Supp.3d 426, 431-432 (S.D.N.Y. 2015)

Despite the complaint's sheer immensity, it does not mention Top Rehab – or anything akin to it – not once.  I had to word search it.

Not to be outdone by the bulk of the Complaint the subpoena demands for the time period "January 1, 2011 and continuing through the present date" (over 13 years) the following:

> Documents concerning all accounts held by, for, or in the name of any of Top Rehab, Inc., a New York corporation, including but not limited to account number 483059763038, and all accounts held by those individuals with signatory authority over such accounts, at any time during **the period beginning on January 1, 2011 and continuing through the present date.** Such requested records include but are not limited to account opening and (if applicable) closing documents, monthly statements, signature cards, powers of attorney, copies of deposit slips and checks deposited to and drawn on such accounts, any documents or reports identifying the source financial institution and account number for any checks deposited into such responsive accounts and recipient financial institution and account

2

> number for any checks drawn on such responsive accounts, and all correspondence concerning any action, activity, direction, or instruction with respect to all such accounts. Please produce unredacted copies of all responsive records.

Adding insult to injury is the expansive footnote to the above which states:

> To the extent a response responsive account statement or other document covers one or more dates which fall within the date range of documents pursuant to this Subpoena, but also covers one or more dates which fall outside that date range, please nonetheless provide a complete, unredacted copy of such document.

Allstate is a very wealthy insurance company I am sure but it is not the IRS, FBI, or other federal agency tasked with investigations into alleged money laundering, etc. As this very Court has said:

> If Allstate were a civil regulatory agency, perhaps such a subpoena would be appropriate; but it is not, and it is subject to the limitations on discovery, for which it must bear the burden of establishing relevance and proportionality, which it has failed to do.

*Allstate et al. v. All County et al*. 1:19-cv-07121-WFK-SJB (Document 65 Filed 09/22/20)

In discussions with Plaintiffs' counsel over the phone and via email I informed Plaintiff's counsel that Top Rehab was a staffing agency that provided Physical Therapists to medical practices for a fee. Further that Top Rehab has not done business since 2019. Plaintiff's counsel – a nice man – informed me that Top Rehab's bank account was receiving money from the Defendants. I replied "yes … that is probably payment for the Physical Therapists." He offered to withdraw the subpoena if Top Rehab could come up with the following documentation for the multiverse of medical practice defendants: "Agreements and/or communications concerning the services Top Rehab Inc provided to, for or on behalf of Defendants; Copies of any invoices, bills or receipts for any services rendered by Top Rehab Inc to, for or on behalf of Defendants; Documents sufficient to identify the physical therapists provided by or through Top Rehab Inc. to the Defendants."

So now non-party Top Rehab is in full blown discovery. Nevertheless, the owner of Top Rehab searched and informed me that he has no such records probably owing to the fact that Top Rehab only supplied the defendants "temporary coverage physical therapists" – e.g., when a staff physical therapist calls in sick or is otherwise absent – as opposed to long term physical therapists.

Most importantly Top Rehab is a closely held family business – run from the family home – the financial records of which are prone to disclose personal sensitive information.

**TOP REHAB HAS STANDING TO QUASH THE SUBPOENA**

Top Rehab has standing to quash a third party subpoena of its bank records because it has "a sufficient privacy interest in the confidentiality of its records so as to assert standing to challenge the subpoena." Olympic Chartering, S.A. v. Ministry of Industry and Trade of Jordan, 134 F. Supp. 2d 528, 535 (S.D.N.Y. 2000):

3

> While the general rule is that a party lacks standing to quash a third-party subpoena, *Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975)*, a party whose records have been subpoenaed has "**a sufficient privacy interest** in the confidentiality of [the] records so as to assert standing to challenge the subpoena. <u>Sierra Rutile Ltd. v. Katz, 1994 U.S. Dist. LEXIS 6188, No. Civ. 4913, 1994 WL 185751, at *2 (S.D.N.Y. May 11, 1994); see also Syposs v. United States, 181 F.R.D. 224, 227 (W.D.N.Y. 1998)</u>.

*See*, <u>Solow v. Conseco Inc</u>., 2008 U.S. Dist. LEXIS 4277 (S.D.N.Y. 2008)

## **THE PLAINTIFF HAS NOT DEMONSTRATED RELEVANCY**

Even regarding parties, let alone non-parties, to an action there are limits to discovery.

> Discovery is not boundless … A court evaluating a motion to quash considers such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.

*Kingsway Fin. Servs. v. Pricewaterhouse-Coopers LLP*, 2008 U.S. Dist. LEXIS 77018 (S.D.N.Y. 2008). See, <u>Allstate et al. v. All County et al</u>. 1:19-cv-07121-WFK-SJB (2020)

*See*, <u>Salvatorie Studios, International v. Mako's Inc.</u>, 2001 U.S. Dist. LEXIS 11729 (S.D.N.Y. 2001) ("Here the burden is on Mako's to demonstrate relevance …" *2-3)(Citations omitted)

"The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." <u>Kingsway Financial Services, Inc. v. Price Waterhouse-Coopers LLP</u>, 2008 U.S. Dist. LEXIS 77018 *13 (S.D.N.Y. 2008)(Citations omitted)

> The materials sought were not only voluminous, but also they had no relevance to the main issues in the case … We are convinced that whatever additional information these unrelated materials might have provided would not have affected the substantial rights of the defendant.

<u>Langford v. Chrysler Motors Corp</u>., 513 F.2d 1121, 1126 (2d. Cir. 1975)(Citations omitted)

"Rule 26(b)(1) of the Federal Rules of Civil Procedure restricts discovery to matters relevant to the claims and defenses of the parties." <u>Salvatorie Studios, International v. Mako's Inc.</u>, 2001 U.S. Dist. LEXIS 11729 at *2.

### **There is a Higher Burden for Those Seeking Discovery from Non-Parties**

"Rule 45(c) of the Federal Rules of Civil Procedure provides additional protection for nonparties to litigation subject to a subpoena." <u>Johnson v. Bryco Arms</u>, 226 F.R.D. 441, 444 (E.D.N.Y. 2005) "The Advisory Committee's Notes to the 1991 amendments to <u>Fed.R.Civ.P. 45</u> state that the amendments have 'enlarge[d] the protections afforded persons who are required to assist the court

by giving information or evidence.'" *Jones v. Hirschfeld*, 219 F.R.D. 71. 74 (S.D.N.Y. 2003)(additional protection for non-parties)

### **There Is A Right To Privacy In One's Personal Financial Information**

Although the right to privacy is one of the less easily delineated constitutional guarantees, the Supreme Court has held that it encompasses "the individual interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599 (1977). And, following *Whalen*, this Court has recognized the existence of a constitutionally protected interest in the confidentiality of personal financial information. *See, e.g.*, *Barry v. City of New York*, 712 F.2d 1554, 1558-59 (2d Cir. 1983); *cf. California Bankers Ass'n v. Schultz*, 416 U.S. 21, 78-79 (1974) (Powell, *J.*, concurring) ("**Financial transactions can reveal much about a person's activities, associations, and beliefs** ...)

*Statharos v. New York City Taxi Limo. Com'n,* 198 F.3d 317, 322-323 (2d Cir. 1999)  *See Nassau County Employee "L" v. County of Nassau,* 345 F. Supp. 2d 293 (E.D.N.Y. 2004)("the Second Circuit acknowledged the existence of a constitutionally protected interest in the confidentiality of certain personal financial information")

[T]his Court finds that the magistrate Judge correctly quashed the Key Bank subpoena because the request for documents is nothing more than a fishing expedition. At oral argument, Plaintiffs present no legitimate need for the tribal bank account information, and have shown no good faith basis for extending discovery to tribal or personal banking records. They hope to find large bank deposits that may represent winnings by the Tribal decision-makers at Park Place casinos, which may in turn be found to be some sort of bribe or gratuity designed to turn the Mohawks against Catskill. **But this is not a prosecutorial investigation – it is a civil lawsuit. No fishing expeditions will be tolerated.**

Catskill Development, L.L.C. v. Park Place Entertainment Corp., 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (Emphasis added)

It will be noted that these requests seek private financial records of persons who are not parties to this action. The fact that they may be allied to the parties as argued by learned counsel for the plaintiffs does not necessarily change the situation even though it may be of some interest. **The right of privacy and the right to keep confidential one's financial affairs is well recognized**.

Hecht v. Pro-Football, Inc, 46 F.R.D. 605, 607 (U.S.D.C. 1969) (Emphasis added).

My client's personal privacy should not be sacrificed to sex up the Plaintiff's prosaic allegations. I would request that this Court hold the subpoena in abeyance until this matter is decided.

With Much Respect,<br>
/s/*Raymond Zuppa*<br>
Raymond Zuppa