Case 1:22-cv-04441-SJB-VMS   Document 115   Filed 09/09/24   Page 1 of 3 PageID #: 2353

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY, ALLSTATE
FIRE & CASUALTY INSURANCE COMPANY,
ALLSTATE INDEMNITY COMPANY, and ALLSTATE
PROPERTY & CASUALTY INSURANCE COMPANY,

                                  Plaintiffs,

                                                              **ORDER**
          -against-                                     22-CV-4441-SJB

OLEG RYBAK, FABIOLA G. PERNIER, *as Executor of
the Estate of Jean Pierre Claude Pernier, M.D.*,
FRANCIS JOSEPH LACINA, M.D., JPC MEDICAL, P.C.,
JFL MEDICAL CARE P.C., FJL MEDICAL SERVICES
P.C., AND RA MEDICAL SERVICES P.C.,

                                  Defendants.
------------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

        Plaintiffs Allstate Insurance Company, Allstate Fire & Casualty Insurance Company, Allstate Indemnity Company, and Allstate Property & Casualty Insurance Company (collectively, "Allstate") have alleged in this RICO action that Defendants engaged in a scheme to submit fraudulent charges for medically unnecessary healthcare services for covered individuals under New York's no-fault insurance law. (Compl. dated July 28, 2022 ("Compl."), Dkt. No. 1).

        Defendants have moved to dismiss. (Mot. to Dismiss dated Sept. 15, 2023, Dkt. No. 82 at 1). Their motion is, in part, premised on a statute of limitations defense: namely, that Allstate was on notice of any alleged injury more than four years before they commenced this litigation in 2022. (Defs.' Reply dated Sept. 15, 2023 ("Defs.' Reply"), Dkt. No. 85–2 at 2–8).

Having reviewed the briefing on this argument, the Court concludes this argument may have substantial merit. And if the argument ultimately prevails, it is case and claim dispositive. However, it relies on documents and evidence outside the pleadings. (*See* Verified Compl. dated Sept. 26, 2017 ("Pavlova Compl."), attached as Ex. B to Conroy Decl., Dkt. No. 82–3; Verified Compl. dated Feb. 12, 2016 ("GEICO Compl."), attached as Ex. C to Conroy Decl., Dkt. No. 82–4). By way of example, Defendants rely on other filings made by Allstate in another court, (*see, e.g.*, Defs.' Reply at 2–3; Pavlova Compl.), and litigation brought by another insurance company against some of the same parties here. (*See, e.g.*, Defs.' Reply at 4–5; GEICO Compl.). Defendants do not contend that these are matters referenced in the operative pleading, and indeed, they are not mentioned or incorporated in the Complaint. (*See generally* Compl.). Defendants also do not contend that the Court can take judicial notice of these documents, and given that at least some of them are papers not-involving Allstate, the Court concludes it cannot.

"When material outside the complaint is presented to and not excluded by the court, 'the motion shall be treated as one for summary judgment and disposed of as provided in [Federal Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion[.]" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting Fed. R. Civ. P. 12(b)). The Court is not excluding or striking the materials relied upon by Defendants. As a consequence, the Court is "obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56." *Id.*

at 154; *see also Peterson v. Wells Fargo Bank, N.A.*, No. 22-CV-1343, 2023 WL 4363239, at *2 (2d Cir. July 6, 2023) (following *Chambers*).

      As a result, the Court concludes that the pending motion should be converted to one for summary judgment. And it denies it without prejudice to renewal following the completion of discovery. The parties are directed to complete discovery under the present schedule, and conduct any additional discovery related to the materials relied upon by the parties in connection with the motion to dismiss and any issue of statute of limitations. Should the parties need to modify the discovery schedule to account for this expansion, they may file a joint motion to do so.

                                       SO ORDERED.

                                       */s/Sanket J. Bulsara*  September 9, 2024
                                       SANKET J. BULSARA
                                       United States Magistrate Judge

Brooklyn, New York